UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SUSAN HERBERT,

    Plaintiff,

vs.                                                            Case No. 3:07-cv-776-J-16MCR

UNITED STATES OF AMERICA,

    Defendant.
_____/

## **REPORT AND RECOMMENDATION**[1]

This case is before the Court on Plaintiff's Complaint (Doc. 1), as well as Plaintiff's Affidavit of Indigency (Doc. 2), which this Court construes as a motion for leave to proceed in forma pauperis. Also before this Court is Plaintiff's Motion to Amend her Complaint (Doc. 5) and Motion to Commence a Runoff Election (Doc. 3).

An individual may be allowed to proceed in forma pauperis if he or she declares in an affidavit that he or she "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed in forma pauperis, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, "fails to state a claim upon which relief

---

[1] Any party may file and serve specific, written objections hereto within TEN (10) DAYS after service of this Report and Recommendation. Failure to do so shall bar the party from a de novo determination by a district judge of an issue covered herein and from attacking factual findings on appeal. See 28 U.S.C. §636(b)(1); Fed.R.Civ.P. 72(a), 6(a) and (e); Local Rules 6.02(a) and 4.20, United States District Court for the Middle District of Florida.

may be granted[,]" or . . . "seeks monetary relief against a defendant who is immune from such relief." Id. § 1915(e)(2).  If the complaint is deficient, the Court is required to dismiss the suit sua sponte.  See id.

The United States Supreme Court observed that "a litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324 (1989).  However, the Supreme Court cautioned that a case should only be dismissed as frivolous if it relies on meritless legal theories or facts that are clearly baseless.  See id. at 327.  Further, a complaint should not be dismissed for failure to state a claim "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Gomez v. USAA Federal Sav. Bank, 171 F.3d 794, 795 (2nd Cir. 1999) (per curiam) (citation and internal quotation marks omitted); see also Troville v. Venz, 303 F.3d 1256, 1260 & n.5 (11th Cir. 2002) (per curiam).

Upon review, the Court finds Plaintiff's Complaint relies on meritless legal theories and is clearly baseless; as such, Plaintiff's Complaint is frivolous and subject to dismissal in accordance with 28 U.S.C. § 1915(e)(2)(B)(i).  In her Complaint, Plaintiff sets forth almost three full pages of single space political assertions regarding the right to vote and how the Supreme Court of the United States eviscerated the separation of powers when it decided Bush v. Gore, 531 U.S. 98, 121 S.Ct. 525 (2000).   Plaintiff states she is suing the United States of America for "a violation of Article 4 Section 4 made under equal protection and due

process" and for a "gross violation of separation of powers within every single branch of this government." It appears Plaintiff is arguing that the Supreme Court's decision in <u>Bush v. Gore</u>, 531 U.S. 98, 121 S.Ct. 525 (2000), deprived Plaintiff, and the rest of the citizens of the United States, of the right to vote. Plaintiff's Complaint is completely baseless and fails to state a claim for multiple reasons -- some of which the Court will touch on below. Moreover, in Plaintiff's Motion to Amend her Complaint, Plaintiff notes she does not intend to change the substance of her Complaint, but rather, she merely seeks to clarify which Justice wrote the dissent in the <u>Bush v. Gore</u>, 531 U.S. 98, 121 S.Ct. 525 (2000), decision**.** (Doc. 5). Accordingly, Plaintiff's Motion to Amend should be denied as futile for the reasons expressed below.

As an initial matter, Plaintiff lacks standing to sue the United States. Article III of the Constitution limits the jurisdiction of federal courts to "cases or controversies." <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 559, 112 S.Ct. 2130, 2136 (1992). The doctrine of standing serves to identify the "cases" and "controversies" which are appropriately resolved through the judicial process. <u>Id.</u> at 560. In order to have standing to bring a claim, Plaintiff must show three elements: (a) she has suffered a concrete and particularized injury in fact which is actual or imminent and not conjectural or hypothetical; (b) there is a causal connection between the injury and the conduct complained of; and (c) it is likely that the injury will be redressed by a favorable decision. <u>Id.</u> at 560-61. (internal citations and quotations omitted).

A Plaintiff who raises "only a generally available grievance about government – claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large" - does not have standing. Id. at 573-74.  Here, Plaintiffs claims do just that, i.e., they set forth only a general grievance shared by the public at large, or mores specifically, all registered[2] voters in the United States. Accordingly, she lacks standing to contest the decision of the United States Supreme Court in Bush v. Gore, 531 U.S. 98, 121 S.Ct. 525 (2000).

Plaintiff's claims fail for additional reasons.  Notably, the United States is immune from suit unless it has explicitly waived its sovereign immunity. United States v. Sherwood, 312 U.S. 584, 586, 61 S.Ct. 767, 769 (1941); Whittle v. U.S., 7 F.3d 1259, 1262 (6th Cir. 1993).  Waiver of sovereign immunity only occurs when the United Stares has given its express and explicit consent to be sued. General Mut. Ins. Co. v. U.S., 119 F. Supp. 352, 354 (D.C. N.Y. 1953).  The United States has not waived its sovereign immunity with respect to Plaintiff's claims.

Finally, Plaintiff brings her case pursuant to Const. Art. IV, § 4 – the Constitutional guarantee that all states will have a right to a republican form of government.  Art. IV, § 4 (cl. 1).  Notably, section 4 of Article IV of the Constitution does not provide a right of action to an individual plaintiff and in fact, is not justiciable.  Risser v. Thompson, 930 F.2d 549, 552 (7th Cir. 1991).  "[Q]uestions

---

[2] Interestingly, Plaintiff fails to state whether she is even a registered voter or was a registered voter at the election time in 2000.

arising under [Art. IV, § 4] are political, not judicial, in character, and thus are for the consideration of the Congress and not the Courts." State of Ohio ex rel. Bryant v. Akron Metropolitan Park Dist. for Summit County, 281 U.S. 74, 79-80, 50 S.Ct. 228, 230 (1930); see also Baker v. Carr, 369 U.S. 186, 218, 82 S.Ct. 691, 710 (1962). The relief Plaintiff seeks in this action is beyond the Court's authority.  Accordingly, Plaintiff cannot state a claim for relief based on the facts and legal theories alleged in her Complaint.  As such, Plaintiff's Complaint should be dismissed.

Accordingly, it is hereby

**RECOMMENDED**:

1.Plaintiff's Complaint (Doc. 1), be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

2.All pending motions remaining before this Court (Docs. 2, 3, and 5) be **DENIED as moot.**

**DONE AND ORDERED** at Jacksonville, Florida this __4th__ day of August, 2007.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Pro Se Plaintiff

The Honorable John H. Moore, II
United States District Judge